In re Laverne R. STIGGE and Verlene J. Stigge, Debtors.

FARM CREDIT BANK OF WICHITA, WICHITA, KANSAS, formerly Federal Land Bank of Wichita, Wichita, Kansas, Plaintiff,

v.

Delwin BOTT as Executor of the Estate of Amanda Bott; Delwin Bott and Ronald Bott as Trustees of the Herman Bott and Amanda Bott Revocable Trust dated May 12, 1989; Delwin Bott and Lois Bott, individually and as husband and wife; Tri–County National Bank, Washington, Kansas, in rem only; Ronald Bott and Kathleen Bott, individually and as husband and wife; Peoples National Bank, Clay Center, Kansas, in rem only; Raymond E. Bott and Anita K. Bott, individually and as husband and wife; Citizens National Bank, Greenleaf, Kansas, in rem only; Verlene Stigge; Le Ann Hartman; and Lorraine Oldehoeft, Defendants.

Bankruptcy No. 89–41453–12.
Adv. No. 93–7087.

United States Bankruptcy Court,
D. Kansas.

May 6, 1994.

962

Jan M. Hamilton and Leon B. Graves of Hamilton, Peterson, Tipton & Keeshan, Topeka, KS, for debtors.

Calvin J. Karlin of Barber, Emerson, Springer, Zinn & Murray, Lawrence, KS, and Michael W. Murphy of Galloway, Wiegers & Heeney, Marysville, KS, for Farm Credit Bank of Wichita, Wichita, Kan.

Philip D. Gordon, Oskaloosa, KS, for Delwin Bott and Lois Bott, Delwin Bott as Executor of estate of Amanda Bott, and Delwin Bott and Ronald Bott as trustees of Herman Bott and Amanda Bott revocable trust dated May 12, 1989.

Darcy D. Williamson, Topeka, KS, and Stephen W. Boyda, Marysville, KS, for Raymond E. Bott, Anita K. Bott and Lorraine Oldehoeft.

Patricia A. Reeder of Woner, Glenn, Reeder, Lowry & Girard, Topeka, KS, for Leann Bott–Hartman and Peoples Nat. Bank, Clay Center, Kan.

Michael W. Ryan of Ryan & Ryan, P.A., Clay Center, KS, for Peoples Nat. Bank, Clay Center, Kan., Ronald Bott and Kathleen Bott.

Gary H. Hanson of Stumbo, Hanson & Hendricks, Topeka, KS, for Ronald Bott and Kathleen Bott.

David D. Moshier of Hampton, Royce, Engleman & Nelson, Salina, KS, for Citizens Nat. Bank, Greenleaf, Kan.

Paul L. Monty, Washington, KS, for Tri–County Nat. Bank, Washington, Kan.

## MEMORANDUM OPINION

JOHN T. FLANNAGAN, Bankruptcy Judge.

This decision is occasioned by objections to Farm Credit Bank's motions for remand of the above-captioned removed adversary proceeding and for abstention.

The debtors, LaVerne R. Stigge and Verlene J. Stigge, appear by their attorneys, Jan M. Hamilton and Leon B. Graves of Hamilton, Peterson, Tipton & Keeshan, Topeka, Kansas; plaintiff Farm Credit Bank of Wichita, Wichita, Kansas, appears by its attorneys, Calvin J. Karlin of Barber, Emerson, Springer, Zinn & Murray, Lawrence, Kansas, and Michael W. Murphy of Galloway, Wiegers & Heeney, Marysville, Kansas; defendants Delwin Bott and Lois Bott, Delwin Bott as Executor of the Estate of Amanda Bott, and Delwin Bott and Ronald Bott as Trustees of the Herman Bott and Amanda Bott Revocable Trust dated May 12, 1989, appear by their attorney, Philip D. Gordon, Oskaloosa, Kansas; defendants Raymond E. Bott, Anita K. Bott, and Lorraine Oldehoeft appear by their attorneys, Darcy D. Williamson, Topeka, Kansas, and Stephen W. Boyda, Marysville, Kansas; defendant LeAnn Bott–Hartman appears by her attorney, Patricia A. Reeder of Woner, Glenn, Reeder, Lowry & Girard, Topeka, Kansas; defendant Peoples National Bank, Clay Center, Kansas, appears by its attorneys, Patricia A. Reeder of Woner, Glenn, Reeder, Lowry & Girard, Topeka, Kansas, and Michael W. Ryan of Ryan & Ryan, P.A., Clay Center, Kansas; defendants Ronald Bott and Kathleen Bott appear by their attorneys, Gary H. Hanson of Stumbo, Hanson & Hendricks, Topeka, Kansas, and Michael W. Ryan of Ryan & Ryan, P.A., Clay Center, Kansas; defendant Citizens National Bank, Greenleaf, Kansas, appears by its attorney, David D. Moshier of Hampton, Royce, Engleman & Nelson, Salina, Kansas; and defendant Tri–County National Bank, Washington, Kansas, appears by its attorney, Paul L. Monty, Washington, Kansas.

The parties' pleadings, which are the only source of the facts in this case, show that this controversy dates back ten years, involves a number of related farm families, various alleged transfers of property, and several bankruptcy proceedings. The principal parties to the proceeding are the Farm Credit Bank; Herman and Amanda Bott, both of whom are now deceased; their six children—Delwin Bott, Ronald Bott, Raymond Bott, Lorraine Bott Oldehoeft, Verlene Bott

Stigge, and LeAnn Bott–Hartman; and the spouses of Delwin, Ronald and Raymond.

Over ten years ago, the Federal Land Bank of Wichita (now Farm Credit Bank of Wichita) loaned money to members of the Bott family. Upon default, the Bank filed two suits in the District Court of Washington County, Kansas, captioned *The Federal Land Bank of Wichita, Plaintiff, vs. Delwin Bott and Lois Bott; Herman Bott and Amanda Bott; et al., Defendants,* Case No. 85–C–50, and *The Federal Land Bank of Wichita, Plaintiff, vs. Herman Bott and Amanda Bott; Delwin Bott and Lois Bott, Defendants,* Case No. 85–C–52. The state court granted the Federal Land Bank of Wichita judgments in these two cases against Herman and Amanda Bott and Delwin and Lois Bott in 1986.

In response, Delwin and Lois Bott filed their first voluntary petition for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the District of Kansas on July 28, 1986, Case No. 86–41063–11.

On March 5, 1987, Herman and Amanda Bott also filed for Chapter 11 relief in the United States Bankruptcy Court for the District of Kansas, Case No. 87–40371–11. The Bankruptcy Court confirmed a plan of reorganization in the Herman and Amanda Bott Chapter 11 case on September 13, 1988. The confirmation order provided for payments to the Federal Land Bank on its secured and unsecured claims and stated: "All judgment liens of The Federal Land Bank of Wichita shall be retained until all plan payments to the Federal Land Bank on its secured and unsecured claims are completed...." (Reply Brief of Farm Credit Bank filed October 12, 1993, at 6.)

Following confirmation of their Chapter 11 plan, Herman and Amanda Bott created the Herman Bott and Amanda Bott Revocable Trust dated May 12, 1989, to which they conveyed certain real and personal property which had been listed in their bankruptcy schedules. The trust named Herman Bott, Delwin Bott, and Ronald Bott as trustees.

The debtors, LaVerne Stigge and Verlene Bott Stigge, husband and wife, filed this Chapter 12 bankruptcy case, No. 89–41453–12, on October 2, 1989. Their Chapter 12 plan was confirmed on March 16, 1990, long before, as we will see, the transfers complained of in the removed case.

Herman Bott died on January 1, 1991, and Amanda Bott died testate on February 13, 1992. While Farm Credit Bank received payments under Herman and Amanda Bott's confirmed Chapter 11 plan, its claims remained unsatisfied at the time of Mrs. Bott's death in February of 1992. Consequently, Farm Credit Bank petitioned for administration of Mrs. Bott's estate which was opened July 9, 1992, in the Probate Division of the District Court of Washington County, Kansas, Case No. 92 PR 40, captioned *In the Matter of the Estate of Amanda Bott, Deceased.* Although the pleadings do not state a specific date, Mrs. Bott's will was admitted to probate in July or August of 1992, naming Delwin Bott executor.

As executor, Delwin Bott filed an inventory and valuation in the probate estate on October 15, 1992, deleting from the inventory the assets alleged to have been previously transferred to the Herman Bott and Amanda Bott Revocable Trust dated May 12, 1989. Although the Farm Credit Bank filed a demand in Amanda Bott's probate estate on November 16, 1992, the probate estate was insolvent, so it was unable to pay the claims of Farm Credit Bank.

The probate estate's deficiency probably prompted Farm Credit Bank to file suit in Washington County District Court, Case No. 92 C 28, alleging the surviving trustees of the Herman Bott and Amanda Bott Revocable Trust, Delwin Bott and Ronald Bott, transferred real and personal property to the children of Herman and Amanda Bott in the months following Mrs. Bott's death, to the detriment of Amanda Bott's creditors. The suit also alleged that Delwin Bott, who was appointed executor of Amanda Bott's probate estate, transferred cash to the Bott children that either would have been part of the Amanda Bott probate estate or was transferred from that estate. Because the original petition is not a part of the record here, this Court is not certain that the gravamen of the petition complained of fraudulent transfers. However, it appears so, since the amended petition makes these allegations.

On January 13, 1993, Delwin and Lois Bott filed their second Chapter 11 case in the United States Bankruptcy Court for the District of Kansas, Case No. 93–40044–11.

Farm Credit Bank then amended its petition in the state court action, No. 92 C 28, on May 17, 1993, to name Verlene Bott Stigge as a defendant and one of the recipients of transfers of property that would have gone into Amanda Bott's probate estate. In addition, it named the following parties as defendants: Delwin Bott as executor of the estate of Amanda Bott; Delwin Bott and Ronald Bott as trustees of the Herman Bott and Amanda Bott Revocable Trust dated May 12, 1989; Delwin Bott and Lois Bott, individually; Tri–County National Bank, Washington, Kansas; Ronald Bott and Kathleen Bott, individually; Peoples National Bank, Clay Center, Kansas; Raymond E. Bott and Anita K. Bott, individually; Citizens National Bank, Greenleaf, Kansas; LeAnn Bott–Hartman; and Lorraine Bott Oldehoeft. In the amended petition, Farm Credit Bank prays that the state court take judicial notice of the pending probate proceeding, *In the Matter of the Estate of Amanda Bott,* Case No. 92 PR 40, as well as the two other related Washington County, Kansas, cases in which judgments were entered in 1986 in favor of the Federal Land Bank, now Farm Credit Bank.

The amended state court petition demands that the Court (1) order that all assets of the Herman Bott and Amanda Bott Revocable Trust be made available to the estate of Amanda Bott for the purpose of providing funds for the payment of her creditors; (2) order the recipients of cash distributions to return the funds or grant judgment against those who are unwilling to make the refund; (3) order the return of transfers of real property from the Herman Bott and Amanda Bott Revocable Trust into the probate estate of Amanda Bott; (4) grant judgment against Delwin Bott for any loss to Farm Credit Bank as a result of his actions; and (5) find specifically that any loss is the result of fraud or defalcation by Delwin Bott while acting in a fiduciary capacity as executor of the estate of Amanda Bott and trustee of the Herman Bott and Amanda Bott Revocable Trust. According to pleadings filed in this Court, the theories of recovery in the state court action are for fraudulent transfers, for violations of the state probate law, and for transfers made in derogation of the rights of creditors of the estate of Amanda Bott.

On May 14, 1993, this Court entered a Stipulated Order for Relief from the Automatic Stay in the second Chapter 11 case of Delwin and Lois Bott, Case No. 93–40044–11, granting Farm Credit Bank and other necessary parties leave to proceed in the Washington County action "to determine rights and to recover property transferred to or distributed from the Herman Bott and Amanda Bott Revocable Trust and the estate of Amanda Bott, deceased." The order also states: "It is in the best interest of the debtors, other potential defendants, this creditor and this Court for these matters to be completed in state court." (Brief of Farm Credit Bank filed October 1, 1993, at 12.)

Verlene Bott Stigge, filed a Notice Of Removal and a Complaint For Removal [1] in this Chapter 12 case on June 18, 1993. Paragraph one of the complaint states:

1. Pursuant to 28 U.S.C. § 1452 and F.R.B.P. Rule 9027, this debtor and defendant is entitled to remove the above-captioned *Farm Credit Bank of Wichita v. Delwin Stigge, et al.* [sic], Case No. 92–C–28 from the District Court of Washington County, Kansas to the Bankruptcy Court for handling as an adversary proceeding pursuant to F.R.B.P. Rule 7001(10).

(Complaint for Removal filed June 18, 1993, at 2.)

In addition to filing an answer to the complaint for removal, Farm Credit Bank filed a statement alleging that the removed claims were non-core. It also moved to remand, to abstain, and to transfer the controversy before this Court to the U.S. District Court for the District of Kansas. Verlene Bott Stigge filed a memorandum in opposition to the motions to abstain, to remand and to transfer. Defendants Raymond Bott, Anita Bott and Lorraine Bott Oldehoeft filed a joint memorandum opposing Farm Credit Bank's

---

1. The present removal procedure requires the filing of a notice, not a complaint. Fed. R.Bankr.P. 9027. Apparently, Verlene Bott Stigge filed both a notice and a complaint in this instance out of an abundance of caution.

motions. LeAnn Bott–Hartman also filed in opposition to Farm Credit Bank's motions.

Section 1334, Title 28, United States Code, sets forth the grounds for permissive and mandatory abstention.[2]

Section 1334(c) of Title 28 states:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain or not to abstain made under this subsection is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

■ Under the most recent amendments to the abstention statutes, a decision granting or denying abstention is appealable under 28 U.S.C. § 158 to the district court, but not beyond. *See* 28 U.S.C. § 1334(c)(2)[3] and comments under Fed.R.Bankr.P. 5011(b), as amended in 1991. Thus, it is no longer necessary for this Court to follow the proposed findings and conclusions procedure of Fed.R.Bankr.P. 9033 in a non-core matter when abstaining.

■ The removed state law cause of action could not have been commenced in this Court absent jurisdiction under 28 U.S.C. § 1334(c). The state court action was commenced and can be timely adjudicated in the state forum which has appropriate jurisdiction. Since the removed proceeding is based upon state law claims or causes of action which are merely related to this case under Title 11 and are not claims arising under[4] Title 11 or arising in[5] a case under Title 11, mandatory abstention is appropriate on the facts of this case.

■ A proceeding is "related to" a Title 11 case if it "affects the amount of property available for distribution or the allocation of property among creditors." *Elscint, Inc. v. First Wis. Fin. Corp. (In re Xonics, Inc.)*, 813 F.2d 127, 131 (7th Cir.1987). *See also Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir.1990) (holding that "bankruptcy court lacks related jurisdiction to resolve controversies between third party creditors which do not involve the debtor or his property unless the court cannot complete administrative duties without resolving the controversy").

The Stigges' Chapter 12 plan was confirmed on March 16, 1990, two years before the alleged cash transfers that would have otherwise been in the probate estate and three years before the Farm Credit Bank amended its complaint in the state court action to recover them. The outcome of the removed action cannot possibly affect the distribution or allocation of property in the Stigges' already confirmed Chapter 12 plan nor can it interfere with the completion of any administrative duties connected to the case. The fact that Verlene Bott Stigge is a

---

2. Federal Rule of Bankruptcy Procedure 5011 provides that a motion for abstention shall be governed by Fed.R.Bankr.P. 9014 as a contested matter.

3. The reference in § 1334(c)(2) to "this subsection" is a reference to subsection (c) of the section, not to subparagraph (2) of subsection (c); thus review by appeal applies to discretionary as well as mandatory abstention.

4. A proceeding which "arises under" Title 11 is one which derives from a provision of the Bankruptcy Code. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir.1987).

5. A proceeding which "arises in" a Title 11 case is one that could not have been brought had the liquidation or reorganization case not been commenced. *Id.* at 97.

party to both the state court lawsuit and the Stigge Chapter 12 case is not sufficient to take this proceeding from the "related to" category.

■ Even if the removed state law fraudulent transfer action is not merely related to this case but is a core proceeding because by some stretch it could be construed to arise under Title 11 or arise in a case under Title 11, the permissive abstention provisions of 28 U.S.C. § 1334(c)(1) would require that, in the interests of justice and in the interests of comity with state courts and respect for state law, this Court should abstain.

The state court is already familiar with the case. It has been on file in Washington County since 1992 and it is intricately related to the probate proceeding which remains pending before the same court. Delwin Bott, the principal alleged transgressor, is a party to both the transfer suit and the probate case. Many of the parties to the action live in or near Washington County, Kansas, making Topeka or Kansas City[6] an inconvenient forum to try this matter. The action involves issues of state probate, trust and fraudulent conveyance law; the state court is better able to respond to these questions involving state law.

■ This same fact pattern justifies remand of the removed state law causes of action. Section 1452(b) of Title 28, United States Code, permits the Court to remand the action on any equitable ground. The equitable grounds for remand are catalogued in *Thomasson v. AmSouth Bank, N.A.,* 59 B.R. 997 (N.D.Ala.1986), citing *Browning v. Navarro,* 743 F.2d 1069, 1076 n. 21 (5th Cir.1984):

> Equitable grounds include: (1) forum non conveniens; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8)

a lessened possibility of an inconsistent result.

59 B.R. at 1001.

These grounds weigh heavily in favor of remand and provide a further basis for this decision.

For the reasons stated, it is ordered that Farm Credit Bank's motions to remand and to abstain are granted.

The foregoing discussion shall constitute findings of fact and conclusions of law under Fed.R.Bankr.P. 7052 and Fed.R.Civ.P. 52(a).

IT IS SO ORDERED.

---

**6.** The Stigge Chapter 12 case was filed in Topeka and assigned to the writer, who has now trans-   ferred to Kansas City.