WEE LUV CHILDCARE, INC., an Oklahoma Corporation, and Kornfeld Franklin Renegar & Randall, an Oklahoma Professional Corporation, Plaintiffs,

v.

UNITED STATES OF AMERICA, ex rel. Internal Revenue Service, Defendant.

No. Civ–96–2115–R.

United States District Court, W.D. Oklahoma.

Oct. 1, 1997.

---

Clarke L. Randall, Kornfeld Franklin Renegar & Randall, Oklahoma City, OK, Tom M. Moore, Corbyn & Hampton, Oklahoma City, OK, for Wee Luv Childcare Inc., plaintiff.

Clarke L. Randall, Kornfeld Franklin Renegar & Randall, Oklahoma City, OK, for Kornfeld & Franklin, plaintiff.

Joan Stentiford Ulmer, U.S. Department of Justice, Tax Division, Washington, DC, for Internal Revenue Service, defendant.

## ORDER

DAVID L. RUSSELL, Chief Judge.

Before the Court are Plaintiffs' motion for summary judgment on their Complaint and Defendant's objection and cross-motion for dismissal or summary judgment.

In support of their motion, Plaintiffs assert that this Court has jurisdiction under 26 U.S.C. § 7426(a)(1), inasmuch as a "levy" includes "seizure by any means," 26 U.S.C. § 6331(b), and the exercise of dominion and control over property; under 28 U.S.C. § 1346(a)(1) for wrongful collection of the proceeds of the sale of assets of Plaintiff Wee Luv Childcare, Inc. to recover internal revenue taxes; and under 28 U.S.C. § 1334(b) because this suit is based upon the United States' violation of the priority distribution scheme of the Bankruptcy Code and the plan of reorganization and thus is "related to" a case under title 11 of the United States Code.

To support entitlement to summary judgment on their claims, Plaintiffs first assert that the proceeds of the sale of Wee Luv's assets are the property of Kornfeld Franklin because pursuant to 11 U.S.C. § 503(b) & 507 and the plan of reorganization approved by the bankruptcy court, Kornfeld Franklin's attorney fees were administrative expenses with priority over pre-petition taxes. Secondly, they assert that the United States "levied" upon the proceeds in question when it refused to allow Kornfeld Franklin "to realize these proceeds" at the Wee Luv sale. Plaintiff's Motion for Summary Judgment and Brief in Support at p. 12. Because the proceeds belonged to Kornfeld Franklin, Plaintiffs assert that the "levy" was wrongful. To support their motion for summary judgment on their alternative theory or claim for breach of contract, Plaintiffs assert that the confirmed plan of reorganization is a contract among the debtor and creditors, including Plaintiffs and Defendant, and that because the plan provided for priority of Kornfeld Franklin's attorney's fees over the tax claims of the United States, the United States' levy on the disputed proceeds was a breach of contract, by reason of which Kornfeld Franklin was damaged in the amount of its administrative expense claim under the Plan.

In response to Plaintiffs' motion and in support of its alternative motions to dismiss for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted or for summary judgment, Defendant asserts that Kornfeld Franklin can't enforce a bankruptcy court order in district court to collect its fees inasmuch as Wee Luv's plan of reorganization was confirmed and its case was closed; without reopening the bankruptcy case there is no bankruptcy estate against which Kornfeld Franklin can enforce its fees, Defendant contends, citing 11 U.S.C. § 1141(b). Defendant states that the bankruptcy court's order was not a judgment against Wee Luv but merely an authorization for Kornfeld Franklin to collect its fees from Wee Luv's bankruptcy estate.

Moreover, Defendant asserts that the Court has no jurisdiction over any of the claims raised by the Plaintiff. Pointing to its sovereign immunity as limiting the causes of action that can be brought against it and stressing the Plaintiffs' burden to show that immunity has been waived and that jurisdiction exists, Defendant asserts that Wee Luv cannot maintain a wrongful levy action pursuant to 26 U.S.C. § 7426(a) because it is Wee Luv's taxes that are at issue and it has not met the jurisdictional requirements to bring a refund suit under 26 U.S.C. § 7422(a) of paying the taxes and filing an administrative claim for a refund. It asserts that Kornfeld Franklin has not met the jurisdictional requirements of 26 U.S.C. § 7426 because Kornfeld Franklin cannot show either that there was a levy or that Wee Luv did not own the assets that it sold, both of which are required to recover under 26 U.S.C. § 7426. Addressing the element of "levy," Defendant asserts that there can be no levy, and therefore no wrongful levy, without service of a formal notice of levy and that a mere notice of intent to levy is not notice of levy. In this case, it asserts that the IRS had the *right* to pursue a levy or other collection procedure under the default provision of Wee Luv's plan of reorganization but that it was not required to pursue same. In this instance, it says, the levy process was pre-empted by Wee Luv's "Request for Discharge of Property from Federal Tax Liens." Defendant notes that Kornfeld Franklin might have pre-

served its ability to make a claim against the sale proceeds had it requested a substituted funds agreement pursuant to 26 U.S.C. § 6325(b)(3) but that it is uncontroverted that Kornfeld Franklin did not seek such an agreement.

Defendant further asserts that Kornfeld Franklin does not have standing to bring a refund suit because it did not pay Wee Luv's taxes nor did Wee Luv use Kornfeld Franklin's money to pay Wee Luv's taxes. Defendant argues that mere assertion of an interest in the remitted proceeds does not provide standing as contemplated in *United States v. Williams*, 514 U.S. 527, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995). Furthermore, Defendant asserts, Kornfeld–Franklin did not exhaust administrative remedies as required prior to bringing a refund suit under 26 U.S.C. § 7422(a). Submission of a "Request for Return of Wrongfully Seized Property" does not meet the requirements of § 7422(a), it asserts, but in any event it does not appear from the face of the Complaint that Kornfeld Franklin is bringing a refund claim.

Defendant further asserts that 28 U.S.C. § 1346(a)(1) is not an independent basis of jurisdiction for Plaintiffs' suit against Defendant because it merely provides jurisdiction of suits for "the recovery of" internal revenue taxes, i.e., refund suits. Similarly, Defendant asserts that 28 U.S.C. § 1334(b) is merely a general grant of jurisdiction to the district courts to hear cases in bankruptcy or cases related thereto but does not authorize suit against the Government or constitute a waiver of sovereign immunity. Thus, Section 1334(b) cannot be relied upon to obtain jurisdiction over the United States, Defendant asserts, citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 3277–78, 77 L.Ed.2d 938 (1983).

Assuming that the Court would have jurisdiction over the breach of contract claim and that Wee Luv's plan of reorganization constituted a contract, Defendant asserts that it cannot be said to have breached the contract because the plan's distribution and priority provisions were superseded by Wee Luv's default and the default provision contained in the plan which expressly allowed the IRS the

right to pursue its usual collection remedies outside the plan upon Wee Luv's default.

Addressing the merits of the wrongful levy claim, assuming that the Court has jurisdiction, Defendant asserts that the IRS did not levy upon or seize the sale proceeds in question; rather, the money was paid to the IRS pursuant to a voluntary agreement between the IRS and Wee Luv at the specific direction of and in accordance with arrangements made by Kornfeld Franklin. Defendant suggests that upon Wee Luv's default on its plan of reorganization Kornfeld Franklin could and should have either requested that the bankruptcy court reopen Wee Luv's case and "conduct the sale of assets as a liquidating chapter 11 case," Opposition to Plaintiffs' Motion at p. 15, or requested a substituted sales proceeds agreement pursuant to 26 U.S.C. § 7426(c).

In Defendant's cross-motion directed to the merits of Plaintiffs' third alternative theory or claim for relief, for recovery of an unauthorized post-petition transfer pursuant to 11 U.S.C. § 549 & 550, see Complaint, Count Two, Defendant asserts that such a claim belongs to a trustee in bankruptcy, not to creditors and, in any event, Wee Luv's voluntary payment is not an avoidable transfer under § 549; the transferred property was not property of bankruptcy estate inasmuch as upon confirmation of the plan all properly of the estate vested in the debtor pursuant to 11 U.S.C. § 1114(b); the transfer in question was authorized by the bankruptcy court in the default provision of the plan; and that Wee Luv's tax liabilities for the first three quarters of 1995, which Wee Luv did not pay, thereby causing the default provision to take effect, are post-petition liabilities to which Section 549 does not apply.

Finally, Defendant asserts that Kornfeld Franklin does not have an attorney's lien on the proceeds of the sale of Wee Luv's assets with super priority over a federal tax lien under 26 U.S.C. § 6323(h) because the legal services of Kornfeld Franklin represented by its claim for $22,710.00 in attorneys' fees were not services rendered which produced or created a settlement, judgment or fund.

In response to Defendant's motion to dismiss or for summary judgment, Plaintiffs assert that Kornfeld Franklin's entitlement to payment under the plan of reorganization has priority over that of the IRS; that pursuant to 11 U.S.C. § 1141(b) and the plan, upon confirmation the property of the estate was vested in Wee Luv subject to the terms of the plan; and that Kornfeld Franklin does not dispute that Wee Luv "owned" the assets it sold but that such "ownership" was encumbered by Kornfeld Franklin's administrative expense claim and the federal tax lien. They further assert, contrary to Defendant's argument, that there is no statutory or regulatory requirement that a "notice of levy" be issued as a prerequisite to a levy, and that a levy is simply "seizure by any means," 26 U.S.C. § 6331(b). Citing 26 C.F.R. § 301.6331–1(a)(1). Plaintiffs argue that while a levy *may* be effected by issuance of a "notice of levy," the sole notice required by statute or regulations is notice to the delinquent taxpayer of the intention to levy, citing 26 U.S.C. § 6331(d). Plaintiffs assert that Wee Luv did not voluntarily pay the IRS in this case; rather, the IRS was paid by the purchaser of Wee Luv's assets under compulsion due to the fact that the IRS had filed tax lien on Wee Luv's assets. The levy was "wrongful," Plaintiffs assert, because it effectively destroyed or irreparably injured Kornfeld Franklin's interest in the property which was senior to the federal tax lien, citing 26 C.F.R. § 301.7426–1(b).

### *Jurisdiction*

The United States cannot be sued without its consent. *See United States v. Shaw,* 309 U.S. 495, 501–04, 60 S.Ct. 659, 661–63, 84 L.Ed. 888, 891–94 (1940); *United States v. Murdock Machine and Engineering Co. of Utah,* 81 F.3d 922, 931 (10th Cir.1996). The absence of consent is a fundamental, jurisdictional defect that may be asserted at any time. *See United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114, 122 (1976). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed,'" *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607, 613 (1980) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969)), "consent to

be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (quoting *United States v. Sherwood,* 312 U.S. 584, 586–87, 61 S.Ct. 767, 770, 85 L.Ed. 1058, 1061 (1941)).

## A. Jurisdiction under 26 U.S.C. § 7426(a)(1)

▉ Plaintiffs assert that jurisdiction exists under 26 U.S.C. § 7426(a)(1). This statute provides the exclusive remedy for an innocent third party whose property is confiscated by the IRS to satisfy another's tax liability. *See Winebrenner v. United States,* 924 F.2d 851, 853–55 (9th Cir.1991); *Texas Commerce Bank–Fort Worth, N.A. v. United States,* 896 F.2d 152, 156 (5th Cir .1990) (citing cases). Section 7426(a) defines the Court's subject matter jurisdiction and the extent to which Defendant has waived its sovereign immunity as well as the substantive basis for one of the Plaintiffs' claims. *See Arford v. United States,* 934 F.2d 229, 232 (9th Cir.1991) (§ 7426(a)(1) defines United States' waiver of sovereign immunity); *Interfirst Bank Dallas, N.A. v. United States,* 769 F.2d 299, 306 (5th Cir.1985) (§ 7426(a)(1) provides substantive basis for claim for relief and defines the scope of the waiver of sovereign immunity), *cert. denied,* 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 716 (1986); *Denham v. United States,* 811 F.Supp. 497, 501–502 (C.D.Cal.1992) (§ 7426(a) defines substantive claim for relief and extent of waiver of sovereign immunity and subject matter jurisdiction). *See also* *Rosenblum v. United States,* 549 F.2d 1140, 1144–45 (8th Cir.), *cert. denied,* 434 U.S. 818, 98 S.Ct. 58, 54 L.Ed.2d 74 (1977) (§ 7426 is the only jurisdictional basis for claims that the IRS wrongfully seized property). In order to state a cause of action under this section and establish the United States' waiver of sovereign immunity and subject matter jurisdiction under that Section, each Plaintiff must show that 1) the United States served a levy covering taxpayer liability on property in the Plaintiff's possession *or* that the Plaintiff had a substituted sales proceeds agreement with the United States; 2) that the Plaintiff has an interest in or lien on the property levied which is senior interest of the United States; and 3) that the levy was wrongful. *See Texas Commerce Bank–Fort Worth, N.A. v. United States,* 896 F.2d at 156; *Arford v. United States,* 934 F.2d at 232; *Aspinall v. United States,* 984 F.2d 355, 357 (10th Cir.1993); *Century Hotels v. United States,* 952 F.2d 107, 109 (5th Cir.1992). Because Plaintiff Wee Luv is the taxpayer whose liability the IRS sought to collect by levy, Wee Luv cannot bring a claim under Section 7426. *See* 26 U.S.C. § 7426 ("any person (other than the person against whom is assessed the tax out of which such levy arose) who claims ..."); *Arford v. United States,* 934 F.2d at 232; *McGinness v. United States,* 90 F.3d 143, 145 (6th Cir.1996).

▉ To show that a plaintiff has a legally cognizable interest in the property levied such that he or she has standing to challenge a wrongful levy under Section 7426, a plaintiff must show that he or she has a "fee simple or equivalent interest, a possessory, interest, or a security interest in the property levied upon, or a lien on the property at issue; an unsecured interest is not sufficient to confer standing." *McGinness v. United States,* 90 F.3d at 146 (citing *Frierdich v. United States,* 985 F.2d 379, 383 (7th Cir. 1993)); *Aspinall v. United States,* 984 F.2d 355, 358 (10th Cir.1993); *Valley Finance, Inc. v. United States,* 629 F.2d 162, 168 (D.C.Cir.1980.), *cert. denied,* 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981). Plaintiff Kornfeld Franklin did not have the type of interest in Wee Luv's assets (or in the proceeds of those assets) which affords standing to bring a wrongful levy action, even assuming that a levy occurred. It had no ownership, possessory or secured interest in Wee Luv's property or the proceeds from the sale of its assets.

Finally, the Court agrees with Defendant that no levy occurred. A levy is defined by statute as "the power of distraint and seizure by any means," 26 U.S.C. § 6331(b), and may be made upon property or rights to property ("whether real or personal, tangible or intangible"). If property of the taxpayer is intangible and/or in the possession of a third party, "levy may be, and ordinarily is, made by serving a notice of levy on any person in possession of, or obligated with respect to, property or rights subject to levy, including

receivables, bank accounts, evidences of debt, securities, and salaries, wages, commissions, or other compensation." 26 C.F.R. § 301.6331–1(a). *See United States v. Donahue Industries, Inc.,* 905 F.2d 1325, 1329–1331 (9th Cir.1990) (levy is effected by notice of levy when property is intangible).

> Levy upon tangible property normally is effected upon service of forms of levy or notice of levy and physical seizure of the property. Where that is not feasible, the property is posted or tagged. Because intangible property is not susceptible of physical seizure, posting, or tagging, levy upon it is effected by serving the appropriate form upon the party holding the property or rights to property.
>
> *G.M. Leasing Corp. v. United States,* 429 U.S. 338, 350, 97 S.Ct. 619, 627, 50 L.Ed.2d 530 (1977) (citing Treas.Reg. § 301.6331–1(a)(1), 26 C.F.R. § 301.6331–1(a)(1)(1976)).

The United States Supreme Court later explained the effect of service of a notice of levy on a taxpayer's property in the possession of another, without distinguishing between tangible and intangible property:

> In the situation where a taxpayer's property is held by another, a notice of levy upon the custodian is customarily served pursuant to § 6332(a). This notice gives the IRS the right to all property levied upon, and creates a custodial relationship between the person holding the property and the IRS so that the property comes into the constructive possession of the Government. If the custodian honors the levy, he is "discharged from any obligation or liability to the delinquent taxpayer with respect to such property or rights to property arising from" § 6332(d). If, on the other hand, the custodian refuses to honor the levy, he incurs liability to the Government for his refusal. § 6332(c)(1).
>
> *United States v. National Bank of Commerce,* 472 U.S. 713, 720–21, 105 S.Ct. 2919, 2924–25, 86 L.Ed.2d 565, 574 (1985) (case citations omitted).

But the governing statutes make it clear that even when property is tangible and is actually seized, the levy is not effective until the owner and/or possessor of the property or rights in property is (are) served with notice of seizure or levy. *See* 26 U.S.C. §§ 6335(a) & 6502(b). *See also United States v. Donahue Industries, Inc.,* 905 F.2d 1325, 1330 (9th Cir.1990) ("Sections 6502(b) and 6335(a) of the statute determine when a levy is made on tangible property, and section 301.6331–1(a)(1) of the regulations determines when a levy is made on intangible property. In the case of tangible property, levy is made by physical seizure and notice thereof.").

■ It is the plaintiff's burden to show that the Government has levied against the property in question, although the plaintiff does not have to show that the property was actually surrendered in response to a notice of levy. *E.g., Texas Commerce Bank–Fort Worth, N.A. v. United States,* 896 F.2d at 156 (citing 26 U.S.C. § 7426(a)(1)). Plaintiff Kornfeld Franklin has wholly failed to submit evidence that anyone—itself, Wee Luv (the taxpayer), Kids Plus, Inc. (the purchaser of Wee Luv's assets) or Stillwater National Bank, N.A. (the closing agent in the sale and purchase of Wee Luv's assets) was served with notice of levy or notice of seizure. Indeed, there is no genuine issue of the material fact that no notice of levy of Wee Luv's assets or the proceeds of the sale of its assets was ever issued. The Declaration of Revenue Officer William Long (Exhibit "1" to Opposition to Plaintiffs' Motion for Summary Judgment, Cross Motion of the United States for Summary Judgment, and Motion to Dismiss) states as follows:

> On or about January 8, 1996, the IRS had issued a Notice of Intent to Levy against Wee Luv Childcare, Inc. to collect the delinquent federal tax owed for the first quarter of 1993. This notice of intent to levy was not followed by a notice of levy at that time, and no seizure of Wee Luv's property occurred. The Notice of Intent to Levy was the second notice and demand for payment of the unpaid taxes sent by the IRS to Wee Luv as a taxpayer. The Notice of Intent to Levy is not sufficient by itself to effect a levy and seizure of a taxpayer's property. Seizure of assets can only be done pursuant to an actual Notice of Levy.

Declaration of Revenue Officer William Long at ¶ 2.

This evidence is uncontroverted. In the Court's opinion, consistent with the foregoing cited statutes and authorities, the lack of service of a notice of levy is itself fatal to Plaintiff's claim under § 7426(a)(1), the existence of a waiver of sovereign immunity and the Court's jurisdiction. The notice of intent to levy served upon Wee Luv pursuant to 26 U.S.C. § 6331(d) is a prerequisite to a valid levy, *see Markham v. Fay*, 74 F.3d 1347, 1353–54 (1st Cir.1996); *Gonsalves v. United States*, 782 F.Supp. 164, 171–172 (D.Me.1992) (citing cases), *aff'd*, 986 F.2d 1407 (1st Cir. 1993), *cert. denied*, 510 U.S. 851, 114 S.Ct. 151, 126 L.Ed.2d 112 (1993); *Brewer v. United States*, 764 F.Supp. 309, 317 (S.D.N.Y. 1991), but notice of intent to levy does not itself effect a levy and is not the same thing as the notice of levy required by 26 U.S.C. § 6335(a) or 26 C.F.R. § 301.6331–1(a)(1).

██ Although the undisputed lack of service of a notice of levy is, in the Court's opinion, dispositive of the issue of whether Plaintiff has shown or can show that a levy occurred, the Court also finds that no genuine issue of material fact exists as to whether the IRS seized either Wee Luv's assets or the proceeds from the sale of Wee Luv's assets. It is undisputed that in May of 1996, after the IRS served a notice of intent to levy upon Wee Luv, and prior to Wee Luv's sale of its assets, Plaintiff Wee Luv, through its attorneys, Plaintiff Kornfeld Franklin, submitted an Application for Certificate of Discharge of Property from Federal Tax Lien, Exhibit "2" to Opposition to Plaintiffs' Motion et al., and that thereafter the IRS issued a "Conditional Commitment to Discharge Certain Property From Federal Tax Lien," by which the IRS committed to issue a certificate discharging Wee Luv's assets which were to be sold upon receipt of a copy of the final closing statement and a cashier's check for not less than $97,158.11. It is also undisputed that on July 19, 1996, Plaintiff Wee Luv sold its assets and that on that date, Stillwater National Bank, the closing agent, issued a cashier's check to the IRS in the amount of $97,158.11. On or about July 18, 1996, the IRS issued a Certificate of Discharge of Property from Federal Tax Lien

discharging the assets of Wee Luv from federal tax liens upon the acknowledged receipt of payment of $97,158.11. Although Plaintiff Kornfeld Franklin argues strenuously that the IRS' notice of intent to levy and Wee Luv's payment or, conversely, the IRS's acceptance of payment, constituted a levy or seizure, the Court disagrees and finds the reasoning of the courts in *Interfirst Bank Dallas N.A. v. United States*, 769 F.2d at 304–06 and *Denham v. United States*, 811 F.Supp. 497 (C.D.Cal.1992) persuasive in concluding as a matter of law that Plaintiff's payment of the proceeds from the sale of its assets to the IRS in exchange for a release of tax lien was a voluntary payment made following the threat of levy and did not constitute or involve a levy or seizure by the IRS or a "substituted sales proceeds" agreement pursuant to 26 U.S.C. § 6325(b)(3). *See id.*

### B. Jurisdiction under 28 U.S.C. § 1346(a)(1)

██ Plaintiffs argue that if no levy occurred, the Court should still find that it has jurisdiction under 28 U.S.C. § 1346(a)(1). Plaintiffs have the burden of pleading and proving jurisdiction. Section 1346(a)(1) grants to the district courts original jurisdiction, concurrent with United States Court of Federal Claims, of "any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . ." 28 U.S.C. § 1346(a)(1). This section provides jurisdiction over refund actions and waives sovereign immunity. *United States v. Williams*, 514 U.S. 527, 530–32, 115 S.Ct. 1611, 1615–16, 131 L.Ed.2d 608, 614 (1995). In *United States v. Williams*, the United States Supreme Court held that a third party, i.e., not the party against whom the tax in question was assessed, who paid the tax owed by her former husband under protest to remove a lien on the home which she owned as a result of the division of marital property had standing to sue, and that sovereign immunity had been waived, under this section. The Court rejected the Government's argument that the plaintiff was not a taxpayer who could exhaust the administrative remedy as required by § 7422 because

she was not the party against whom the tax was assessed. *See id.,* 514 U.S. at 531–36, 115 S.Ct. at 1616–18, 131 L.Ed.2d at 615–17.

The Supreme Court's decision in *Williams* appears to have been predicated on two key facts: 1) the plaintiff was the person who was ultimately liable for the tax, that is, who actually paid the tax; and 2) the plaintiff had no other remedy realistically available to her. *See id.,* 514 U.S. at 533–36, 115 S.Ct. at 1616–18, 131 L.Ed.2d at 616–17 & 617–18.

■ In the case before the Court, jurisdiction is alleged to exist by virtue of 28 U.S.C. § 1346(a)(1), *see* Complaint at ¶ 4, but no claim for recovery of tax erroneously or illegally assessed or collected is alleged. Moreover, Plaintiff Wee Luv has not alleged or shown that it has both paid its outstanding taxes in full and filed an administrative claim for a refund, conditions precedent to jurisdiction under § 1346(a)(1) over an action for the recovery of taxes erroneously or illegally assessed or collected. *See* 26 U.S.C. § 7422(a). *See also* 26 U.S.C. § 6532(a)(1); 26 C.F.R. § 301.6402–2(a). Accordingly, the Court lacks subject matter jurisdiction over any claim for a refund. *See United States v. Felt & Tarrant Manufacturing Co.,* 283 U.S. 269, 272, 51 S.Ct. 376, 377, 75 L.Ed. 1025 (1931); *Hefti v. Internal Revenue Service,* 8 F.3d 1169, 1173 (7th Cir.1993).

■ Even if the Court were to treat the Complaint as alleging a claim for the recovery of taxes erroneously or illegally assessed or collected, that is, as stating a claim for a refund, Plaintiff Kornfeld Franklin has not shown and cannot show that it exhausted its administrative remedy and does not have standing to assert such a claim because it was not ultimately liable for, and did not pay, the tax in question. Its client Wee Luv paid the tax to obtain a discharge of a tax lien on Wee Luv's assets. Moreover, Plaintiff Kornfeld Franklin, a law firm which represented Plaintiff Wee Luv in bankruptcy and in applying for a certificate of discharge of property from federal tax lien and which was apparently involved in the negotiation of the sale of Wee Luv's assets, had at least two available remedies open to it after it was advised by the IRS that it would not agree to escrow any of the sale proceeds because in its view Kornfeld Franklin's claim for attorneys fees was subordinate to the IRS' tax claims. First, as Plaintiff Kornfeld Franklin indicated it would do in its letter to the IRS dated June 21, 1996 (Exhibit "F" to Plaintiff's Motion), Kornfeld Franklin could have made application to the bankruptcy court pursuant to that court's retained jurisdiction to hear and determine any dispute arising under the plan of reorganization and to do all things necessary to carry out and enforce the terms and conditions of the plan to determine the effect of Wee Luv's default of its plan on the priority of its obligations to the IRS and Kornfeld Franklin. Secondly, Kornfeld Franklin could have requested a substituted funds agreement pursuant to 26 U.S.C. § 6325(b)(3). In summary, because Plaintiff Kornfeld Franklin did not pay Plaintiff Wee Luv's taxes, nor did Wee Luv use Kornfeld Franklin's assets or money to pay the taxes, Kornfeld Franklin having had no lien or claim of ownership as to either, and Plaintiff Kornfeld Franklin had at least two remedies available to it to obtain relief if its position that its claim to proceeds of Wee Luv's sale of assets was superior to that of the IRS was correct, which remedies Kornfeld Franklin chose not to pursue, Plaintiff Kornfeld Franklin lacks standing to sue for recovery of Wee Luv's taxes allegedly erroneously or illegally collected and the Court is without jurisdiction under 28 U.S.C. § 1346(a)(1).

### C. *Jurisdiction under 28 U.S.C. § 1334(b)*

Plaintiffs assert that the Court has jurisdiction over their claims which are based upon the United States' violation of the priority distribution scheme of the Bankruptcy Code and the reorganization plan pursuant to 28 U.S.C. § 1334(b). That section provides as follows:

> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b).

An action "arises under" title 11 if the relief sought is based upon a right specifically created by title 11. *See Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir.1987); *176–60 Union Turnpike, Inc. v. Howard Beach Fitness Center, Inc.*, 209 B.R. 307, 310 n. 2 (S.D.N.Y.1997); *Farm Credit Bank of Wichita, Kansas v. Bott (In re Stigge)*, 167 B.R. 961, 965 n. 4 (Bankr.D.Kan. 1994). A claim "aris[es] in" a case under title 11 if, by its very nature, the claim can only be brought in a bankruptcy action because it has no existence outside of bankruptcy. *Wood v. Wood (In re Wood)*, 825 F.2d at 97; *176–60 Union Turnpike, Inc. v. Howard Beach Fitness Center, Inc.*, 209 B.R. at 310 n. 2; *Farm Credit Bank of Wichita, Kansas v. Bott (In re Stigge)*, 167 B.R. at 965 n. 5.

One of Plaintiffs' claims is purportedly brought pursuant to 11 U.S.C. § 549 to avoid a post-petition transfer. Such a claim falls within the court's jurisdiction over proceedings arising under title 11, and Section 106(a)(1) of title 11 provides a waiver of sovereign immunity with respect to such claim. However, Plaintiffs cannot recover on their purported § 549 claim as a matter of law because the transferred property was not property of the estate inasmuch as upon confirmation of Wee Luv's plan on June 1, 1994, the property of the estate vested in the debtor pursuant to 11 U.S.C. § 1141(b), *see, e.g., Blumenthal v. Clark (In re Hiller)*, 143 B.R. 263 (Bankr.D.Colo.1992); *see generally Geekie v. Watson (In re Watson)*, 65 B.R. 9, 11 (Bankr.C.D.Ill.1986) (four-part inquiry for determining whether a transaction is a post-petition transfer avoidable under § 549), the Plaintiffs not having shown that the plan or the order confirming the plan provided otherwise, and the transfer was specifically authorized by the bankruptcy court in Article XV of the First Modified Plan of Reorganization. *See* 11 U.S.C. § 549(a)(2)(B).

Plaintiffs' claims for breach of contract and wrongful levy are not based upon a right specifically created by title 11 nor are they claims which have no existence outside of bankruptcy. Accordingly, those claims do not fall within this Court's jurisdiction over "proceedings arising under title 11 or arising in" a case under title 11.

The Court also concludes that Plaintiffs' breach of contract and wrongful levy claims are not within its jurisdiction pursuant to § 1334(b) over claims related to cases under title 11. "'[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir.1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984)). If the outcome of the proceeding could alter the debtor's rights, liabilities, options or freedom of action in any way which would impact the handling and administration of the bankruptcy estate, the proceeding is related to the bankruptcy case. *See id.*, citing, *inter alia, Pacor, Inc. v. Higgins*, 743 F.2d at 994 and *In re Wood*, 825 F.2d at 93. Plaintiffs' claims could not have any conceivable effect on Wee Luv's bankruptcy estate or on Wee Luv's rights or ability to reorganize because there is no longer any bankruptcy estate to administer, Wee Luv's bankruptcy case is closed and consummation of Wee Luv's reorganization plan is impossible. Moreover, it is undisputed that Plaintiff Wee Luv defaulted on its plan by failing to make payments for employment taxes for the first, second and fourth quarters of 1995 and making insufficient payments during the third quarter, *see* Exhibit "7" to Opposition to Plaintiffs' Motion for Summary Judgment, Cross–Motion of the United States for Summary Judgment, and Motion to Dismiss and Wee Luv's First Modified Plan of Reorganization (Exhibit "B" to Plaintiffs' Motion for Summary Judgment and Brief in Support) at Art. XV, and that Plaintiff Wee has sold all of its tangible and intangible assets. Stipulated Fact, ¶ k. The "Background to and Concept of [Wee Luv's Reorganization] Plan" is described in Article II of Wee Luv's plan as follows:

The majority of the claims of the Creditors are essentially nondischargeable under various provisions of the Bankruptcy Code. For that reason the Claims, other than nonpriority and dischargeable penalties asserted by Tax Claimants, are proposed to be paid in full. Creditors having

Tax Claims may file proofs of claim, if they have not already done so, and the Debtor reserves the right under this Plan of Reorganization to have the Court determine the true and correct amount of the Tax Claims. See Article XIV.

This Article is intended to summarize the Debtor's proposal set forth in this Plan of Reorganization and does not control construction in any conflict between the stated provisions of the Plan of Reorganization, which will control, and this summary.

First Modified Plan of Reorganization, Art. II.

The plan proposed that the debtor, Wee Luv, utilize its future income to make payments, id. at Art. V, and described the "Means for Performing the Plan" as follows:

The Reorganized Debtor will continue operations and believes that, post-confirmation, it can successfully meet obligations as they come due. Primarily, this is because its tax liabilities to both the Internal Revenue Service and the Oklahoma Tax Commission are on payment schedules which, on a monthly basis, are less than its monthly Post–Petition net revenues.

*Id.*, Art. VI.

When Plaintiff Wee Luv sold all of the tangible and intangible assets employed in its daycare business, it rendered consummation of the plan through revenue from its daycare business impossible. Plaintiffs acknowledge that because Wee Luv "defaulted on its Plan of Reorganization and sold all of its assets, resolution of this dispute is not essential to the debtor's reorganization." Plaintiffs' Supplemental Brief at p. 3. More aptly, in view of Wee Luv's self-liquidation, making successful reorganization pursuant to its plan impossible, this Court does not have jurisdiction over Plaintiff Kornfeld Franklin's claim or the Plaintiffs' claims as "related" to a case because this suit will have no effect on the reorganization process or on Wee Luv's ability to undergo successful reorganization. *See Celotex Corp. v. Edwards,* 514 U.S. 300, 310–11, 115 S.Ct. 1493, 1500, 131 L.Ed.2d 403, 412 (1995).

Although this Court sitting as a bankruptcy court retains postconfirmation jurisdiction pursuant to 11 U.S.C. § 1142, F.R.Bankr.P. 3020(d) and Article XI of Wee Luv's First Modified Plan of Reorganization, such jurisdiction cannot extend beyond the jurisdictional grant provided by 28 U.S.C. § 1334(b). *See, e.g. Walnut Associates v. Saidel,* 164 B.R. 487, 494–95 (E.D.Pa.1994); *Warren v. Calania Corp.,* 178 B.R. 279 (M.D.Fla.1995); *Lacy v. Federal Deposit Insurance Corp. (In re Lacy),* 183 B.R. 890 (Bankr.D.Colo.1995). In this case there is no estate to administer, the outcome of this dispute can have no conceivable effect on the bankruptcy estate or the reorganization process, and the relief sought by Plaintiffs cannot be considered "necessary for the consummation of the plan," 11 U.S.C. § 1142(b), because the debtor has made consummation of the plan impossible and, in any event, defaulted on the plan. Moreover, Wee Luv's bankruptcy case was closed by a final decree entered January 25, 1995. Stipulated Fact, ¶ i. Accordingly, this Court is without subject matter jurisdiction pursuant to § 1334(b) notwithstanding any purported reservation of jurisdiction in Article XI of Wee Luv's First Modified Plan of Reorganization to the contrary. *See id.*

 However, even if this Court has jurisdiction over Plaintiffs' claims pursuant to Section 1334(b), Plaintiffs cannot recover on any of their claims because 1) no levy occurred so the waiver of sovereign immunity found in 26 U.S.C. § 7426(a)(1) cannot be utilized to bring a wrongful levy action in this Court sitting as a bankruptcy court, cf. *Quality Tooling Inc. v. United States,* 47 F.3d 1569 (Fed.Cir.1995); 2) Plaintiff Kornfeld Franklin lacks standing to bring a refund action and Plaintiffs have failed to exhaust administrative remedies, even assuming that the waiver of sovereign immunity in 28 U.S.C. § 1346(a)(1) could be otherwise employed, *id;* 3) the transferred "property" was not property of the bankruptcy estate and the transfer was specifically authorized by the bankruptcy court in Wee Luv's First Modified Plan of Reorganization, at Art. XV, precluding recovery under 11 U.S.C. § 549, *see* 11 U.S.C. § 549(a)(2)(B); and 4) assuming that the waiver of sovereign immunity in the Tucker Act waives the United States'

sovereign immunity for Plaintiffs' breach of contract claims, *see id.,* predicated on Wee Luv's First Modified Plan of Reorganization as a contract which binds all of the parties herein, and the United States' purported breach thereof, no genuine issue of material fact exists: Defendant United States of America ex rel. Internal Revenue Service did not breach the contract. With respect to the breach of contract claim, it is undisputed did Plaintiff Wee Luv failed to pay employment taxes during 1995, that is, that the default specified in Article XV of Wee Luv's First Modified Plan of Reorganization occurred. It is also undisputed that thereafter the United States declared the debtor, Plaintiff Wee Luv, in default, in accordance with the Plan. *See* Exhibit "7" to Opposition to Plaintiffs' Motion for Summary Judgment, Cross–Motion of the United States for Summary Judgment, and Motion to Dismiss, and First Modified Plan of Reorganization at Article XV. Accordingly, under the terms of the plan, Plaintiff Wee Luv's "entire imposed liability, together with any unpaid current liabilities," became "due and payable immediately upon written demand to the debtor" and, under the unambiguous terms of the plan, the IRS was specifically authorized to "collect any unpaid liabilities through the administrative collection provisions of the IRS." It is undisputed that the IRS began that process but that prior to the issuance of a notice of levy or levy, Plaintiff Wee Luv through its attorneys, Plaintiff Kornfeld Franklin, submitted to the IRS a Request for Certificate of Discharge in which it proposed to pay the IRS $100,000 in exchange for a release of its federal tax liens on property which Wee Luv intended to sell. It is undisputed that the IRS agreed to release and did release its liens in exchange for $97,158.11. It is clear that the default provision not only permitted the IRS to utilize its ordinary collection procedures to collect Wee Luv's tax liabilities represented by the IRS' "allowed claims" set out in the plan, but that the plan also specifically provided that upon default the IRS could collect "*any* unpaid liabilities" of Wee Luv, including post-confirmation liabilities, irrespective of any priorities under the plan. The obvious and unambiguous intent of this default provision was to supersede and viti-

ate the classes, priorities and amounts of "allowed claims" when the specified condition occurred. Accordingly, no genuine issue of material fact exists. To the extent the Court has jurisdiction over Plaintiff's claims for breach of the Wee Luv's reorganization plan *qua* contract, Defendant is entitled to summary judgment thereon.

### Conclusion

In accordance with the foregoing, Plaintiffs' motion for summary judgment is denied. Defendant's motion to dismiss Plaintiffs' Complaint for lack of jurisdiction is granted except as to Plaintiffs' claim pursuant to 11 U.S.C. § 549, on which claim Defendant's motion for summary judgment is granted. Alternatively, to the extent the Court has jurisdiction over any of the remainder of Plaintiffs' claims pursuant to 28 U.S.C. § 1334(b), Defendant is entitled to summary judgment on those claims and its motion therefor is granted.

**IT IS SO ORDERED.**